IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE RADFORD STRICKLAND, JR., | ) | |
| AIS #226537, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-007-MHT |
| | ) | |
| TERRY WOODS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Willie

Radford Strickland, Jr. ("Strickland"), an indigent inmate, in which he challenges actions taken

against him on October 8, 2015.  Specifically, Strickland alleges that law enforcement officers

committed an unlawful search/seizure of his property and challenges the constitutionality of his

arrest for theft of property.  The order of procedure entered in this case instructed Strickland to

immediately inform the court of any new address.  *Doc. No. 12* at 5-6, ¶7(h).  The record

demonstrates that Strickland received a copy of this order.

This court recently obtained information that Strickland is no longer at the last address he

provided for service.[1]  Upon receipt of this information, the court entered an order requiring that

Strickland "show cause why this case should not be dismissed for his failure to comply with the

orders of this court and his failure to adequately prosecute the action." *Doc. No. 58.*  This order

---

[1]The last address provided to the court by the plaintiff is the Ventress Correctional Facility.  It appears that the plaintiff was released to the free-world as a search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that he is not currently incarcerated within the state prison system.

specifically advised Strickland that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. Strickland's response was due on or before February 17, 2017. The Clerk mailed a copy of this order to Strickland. The postal service returned this order because Strickland no longer resided at the last address provided to the court. As of the present date, the court has received no response from Strickland to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

It is clear from the foregoing that Strickland has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Strickland is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before March 10, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of February, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE